John ARMSTRONG, et al.,
Plaintiffs—Appellees,

v.

Gray DAVIS, et al., Defendants—
Appellants.

No. 01–15805.

D.C. No. CV–94–2307–CW(PJH).

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 18, 2002.

Decided Feb. 10, 2003.

Before REINHARDT, TASHIMA and BERZON, Circuit Judges.

## MEMORANDUM *

Defendants, officials responsible for the operation of California's state prisons through the California Department of Corrections (CDC), a division of the California Youth and Adult Correction Authority, appeal a portion of a district court order requiring them to comply with the Americans with Disabilities Act (ADA) and § 504 of the Rehabilitation Act. We affirm.[1]

This is the third appeal arising from an injunction correcting the CDC's discriminatory practices affecting Plaintiffs–Appellees, a class of disabled inmates and parolees. In the first appeal we affirmed the district court's determination that the ADA and the RA apply to the plaintiff class. *Armstrong v. Wilson*, 124 F.3d 1019 (9th Cir.1997).

The second appeal involved details of the district court's Remedial Plan. We remanded to the district court for it to correct its error in ordering the CDC to

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. In a published opinion, filed concurrently herewith, we address issues relating to the award of attorney's fees.

comply with aspects of the parties' plan that had been negotiated to mutual satisfaction but which lacked the threshold findings and standards required under the Prison Litigation Reform Act (PLRA). *Armstrong v. Davis,* No. 99–15152, 2000 U.S.App. LEXIS 6821, 2000 WL 369622 (9th Cir. Apr. 11, 2000) (unpublished); *see* 18 U.S.C. 3626.

On remand, the district court ordered the parties to submit a joint statement regarding further proceedings in the case, including a proposed injunction to be issued by the district court. The parties agreed that the injunction should include portions of the remedial plan

> a) not resolved by the parties; b) included in Defendant's remedial plan pursuant to the district court's order that they were required by the ADA and Rehabilitation Act and constituted the least intrusive means necessary; c) not appealed by Defendants; d) not overturned by the 9th Circuit; and e) not moot

After briefing and oral argument, the district court issued a permanent injunction. The CDC here appeals paragraph three of that injunction.

Paragraph three of the injunction concerns CDC policies on accommodations to prisoners who experience extended stays in reception centers. All prisoners are initially processed and classified at reception centers. While at these reception centers, prisoners have reduced access to sentence-reducing credits as compared to prisoners who are already processed. Some disabled prisoners are kept in reception centers for extended periods of time because of their disabilities. As a result, such prisoners are denied sentence-reducing credits that would be available to them if they were not disabled.

The CDC does not dispute that it violates the ADA by denying credits to disabled prisoners who are kept in reception centers for unusually long periods because of their disabilities. Rather, they object to a portion of paragraph three that states that "[i]f a disabled inmate remains at a Reception Center for more than sixty days, a presumption arises that the extended stay is solely due to the inmate's disability."[2]

The CDC argues that the issue of the presumption was never litigated and that it therefore violates the PLRA, our memorandum disposition on the second appeal, and the parties' stipulation that only disputed matters would be included in the injunction. It further argues that the presumption itself was not narrowly drawn and was thus contrary to the statute's purpose of minimizing judicial involvement in prison administration. *See Toussaint v. McCarthy,* 801 F.2d 1080, 1086 (9th Cir. 1986).

In fact, although the presumption was never the main disagreement between the parties prior to this appeal, the parties did dispute it in previous proceedings. Defen-

---

**2.** The CDC may overcome the presumption by demonstrating either that "the inmate's transfer out of the Reception Center was at no time delayed *solely due to the inmate's disability*" or that "the cumulative period of all disability-related delays was shorter than the inmate's extended stay, in which case the CDC need only accommodate the inmate for the cumulative period of disability-related delays." A subsequent portion of paragraph three adds:

> The central file of all inmates with disabilities received from Reception Centers will be reviewed at the receiving program institution to determine if the inmate's stay exceeded sixty says. If so, the inmate's extended stay shall be presumed to be solely due to the inmate's disability unless the CDC can overcome this presumption.

dants themselves raised the issue at an earlier stage of the litigation, asserting, in a brief opposing Plaintiffs' objections to the adequacy of their accommodations, that the inmate should bear the burden of showing that his extended stay was due to his disability. In their reply, Plaintiffs argued the opposite. Consequently, the district court was justified in considering the issue litigated.

Even if the issue of the presumption had not been litigated, it would have been necessary for the district court to resolve it, as it was ancillary to the larger issue of how to remedy the violations related to the reception center-an issue that was litigated thoroughly. If there is to be an injunction, one side or the other must bear the burden of showing whether the extended stay was due to a disability. Because the CDC, and not the inmate, knows why it is keeping a given inmate for longer than 60 days in a reception center, it would be both impractical and unfair to require the inmate to demonstrate the reason.

The ancillary nature of the presumption issue and the underlying fairness and practicality of the district court's determination also show that the scope of the presumption is appropriately drawn and does not create an unnecessary intrusion into the operation of the prisons.

AFFIRMED.